## Pullman's Palace Car Co. *v.* Charles Ehrman.

Sleeping Car Company. *Refusal of servant to make down berth. Action for damages. Case in judgment.*

    E. hired a berth on a sleeping and buffet car. At 8½ o'clock P. M. he asked that the berth be made down. The porter replied that he could not make down the berth until he had served certain lunches that had been previously ordered. E. then demanded, in an angry manner, that the berth be made down instantly. The porter refused in an angry and insulting manner to make down the berth until he had served the lunches. E. then demanded that the berth be instantly made down or a return of his money. The conductor refused to return the money. The berth was made down as soon as the lunches had been served, and by 9 o'clock. E. did not occupy the berth, but sat up all night. He brought an action for damages against the sleeping car company. *Held,* that E. has no cause of action.

Appeal from the Circuit Court of Warren County.

Hon. Ralph North, Judge.

Charles Ehrman took passage at New Orleans, on a car of the Pullman's Palace Car Company, for Vicksburg. It was a sleeping and buffet car. Ehrman paid for a berth, and about 8½ o'clock P.M. asked the porter to make down his berth. The porter replied that he had three orders for lunches that he must first fill before he could make down the berth. Ehrman, thereupon, angrily demanded that his berth be made down at once. The porter angrily declined to do so until he had served the lunches, at the same time shaking his finger in Ehrman's face. The conductor was then called in, who said that the berth would be made down just as soon as the lunches were served. Ehrman then demanded that his berth be made down at once or his money refunded. The conductor declined to refund the money. Ehrman then took his seat in the smoking saloon, and there remained the rest of his journey. The berth was made down soon after the lunches were served, and was ready at about 9 o'clock.

Ehrman brought this action for damages against Pullman's Palace Car Company, and the jury awarded him a verdict for

$750 ; there was a judgment accordingly, from which the defendant appealed.

*Percy Roberts*, for the appellant.

The facts show that the plaintiff so provoked, so effectively contributed to incite the alleged rudeness of which he complains, that he is estopped from setting it up as a ground of recovery. A man is not permitted by his persistent and importunate assertion of an illegal demand to irritate a servant into rudeness, and then mulct the master of the servant in damages on account of that rudeness.

The doctrine of contributory wrong is so well established that a citation of authorities seems gratuitous. In view of that doctrine, the verdict of the jury appears so absolutely without a basis of law to rest on that I am constrained to believe it will be set aside.

*J. M. Gibson*, for the appellee.

The wilful delay to accommodate the passenger in what he rightfully demanded, and for which he had paid, on the part of appellant, as well as the insult and abuse that aggravate the wrong, are amply sufficient to justify the verdict.

CAMPBELL, J., delivered the opinion of the Court.

The verdict is not sustained by the evidence. It is manifest that no wrong was done the appellee, of which he can justly complain, and whatever unpleasantness he encountered appears to have been brought about as the direct and natural result of his own conduct. He had no right to have his bed made instantly, as demanded, under the circumstances ; and as it was made ready in good time, and he chose not to use it, as he might, he can blame no one but himself for the discomfort of sitting up all night. The rudeness complained of in the altercation with the servants of the appellant sprang naturally from the manner and language of the appellee, and furnished an apt illustration of Solomon's proverb, " An angry man stirreth up strife."                                                      *Reversed.*